## Joseph B. Simon & Company, Appellant, v. Zoning Board of Adjustment.

Argued January 11, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Arlin M. Adams,* with him *Sanford M. Rosenbloom,* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*Lenard L. Wolffe,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for zoning board of adjustment, appellee.

OPINION BY MR. JUSTICE BELL, March 13, 1961:

Applicant applied for a variance to use the premises as a gasoline station. The property in question is zoned "D" Residential. The Zoning Board of Adjustment in a 3 to 2 decision refused the application. The lower Court without taking any testimony affirmed the Order of the Board of Adjustment.

The premises, vacant land, were located on the south side of Upsal Street near its intersection with Belfield Avenue in Philadelphia. The ground in question is slightly less than one-half acre in size, triangular in shape, and extends 324 feet on Upsal Street, 240 feet along Belfield Avenue, on the opposite side of which are residential homes, and 188 feet abutting the railroad. It is surrounded by residential uses on all sides except for the railroad. Directly across and close to the railroad tracks are the backs of residences and a development of new homes not yet completed. Appellant bought this property in 1957 with full knowledge of the zoning restrictions. The Zoning Board of Adjustment refused an application for a variance in 1956 and again in 1957, and each of the Orders of the Board was affirmed by a Court to which an appeal was taken. This is the third application for a variance. However the previous refusals of a variance are not a bar to the present application. *Crawford Zoning Case,* 358 Pa. 636, 640, 57 A. 2d 862.

The City Ordinance provides* that the Zoning Board of Adjustment may "authorize, upon appeal,

---

* Section 14-1802(1) (a) (.3).

in specific cases, such variance from the terms of this Title as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of this Title would result in unnecessary hardship, and so that the spirit of this Title shall be observed and substantial justice done."

In order to establish a right to a variance an applicant must prove (1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare: *Ferry v. Kownacki*, 396 Pa. 283, 152 A. 2d 456; *Moyerman v. Glanzberg*, 391 Pa. 387, 397, 138 A. 2d 681; *Michener Estate*, 382 Pa. 401, 406, 115 A. 2d 367. Appellant contends that because of the grading which would be required to use the property for dwelling use, and because of the shape of the lot, and because of the proximity of the railroad, no purchasers can be found to develop the ground residentially, and that this proves unnecessary hardship.

In many zoning cases there is considerable merit on the side of both the applicant, who is generally desirous of developing a community or a piece of ground or a building to meet the needs and the progress of our increasing and expanding population, and the protestants, who generally speaking wish their respective properties or their community to retain its old residential or neighborhood character.

It must be apparent to anyone who gives thoughtful consideration to these vexing problems (a) that the Supreme Court of Pennsylvania is not, should not be and, realistically speaking, cannot be a super Board of Adjustment; (b) that we must allow the Board of Adjustment and/or the lower Court wide

discretion in zoning matters; and (c) we should reverse only for a clear abuse of discretion or an error of law. We all know that gasoline stations have a well known tendency to create noise, dirt, odor, smoke and fumes, and yet they have become almost if not entirely a public necessity. The evidence pro and con, particularly on the question of whether this vacant ground can be used for residential purposes in accordance with the residential zoning, was conflicting. We have examined the record and we cannot say that the Board of Adjustment did not have adequate evidence to support its material findings of fact or that it clearly abused its discretion or committed an error of law in rejecting the application for a variance.

Order affirmed.

Mr. Justice BENJAMIN R. JONES dissents.