## Brennen, Appellant, *v.* Zoning Board of Adjustment.

Argued September 28, 1962. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and KEIM, JJ.

*Herman M. Buck,* with him *Ray, Buck & John,* for appellants.

*Lewis M. D'Auria,* City Solicitor, for Zoning Board of Adjustment, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 8, 1963:

The Court below affirmed the Order of the Board of Adjustment which had reversed the Planning Commission and allowed the owners of a funeral home to erect over the entrance of the home a canopy 25' x 21', which would extend on to their own parking lot. From the Court's Order, the present appeal was taken by two neighboring property owners.

We shall briefly summarize the facts:

Clyde Brooks and Maude Brooks, his wife, are the owners of property located at No. *111* East Green

Street, in the City of Connellsville. In 1954 this property and the surrounding area were zoned residential. This property is presently occupied and used as a funeral home by Clyde Brooks and his son, Samuel C. Brooks, morticians, trading as Brooks Funeral Service. This use of the property is permitted as a non-conforming use.

In 1958, subsequent to the enactment of the zoning ordinance, Samuel Brooks and Maude Brooks purchased the adjoining property, No. *113* East Green Street. Prior to their purchase, this property had been used for residential purposes.

On October 13, 1958, Brooks applied for a building permit to demolish two buildings located on premises *113* East Green Street, and (a) convert premises 113 into a parking lot and (b) make a side entrance from the parking lot into the funeral home. The Planning Commission granted this permit, which included other structural changes. Brooks then changed, at a cost of approximately $11,000, the premises into a parking lot with an entrance therefrom into the funeral home, with resulting convenience to the public by eliminating heavy traffic congestion on Green Street.

Thereafter Brooks made application for a building permit to erect a wood and metal canopy 21' x 25' over the entrance to the funeral home. The proposed canopy would extend onto Brooks' parking lot. On April 21, 1959, by a vote of 2 to 1 the Planning Commission refused the permit. On June 30, 1959, the Board of Adjustment sustained Brooks' appeal, reversed the Planning Commission and ordered the permit to be issued. The Board of Adjustment found that the canopy would be a convenience and benefit to the general public, because it would relieve the congestion on highly congested Green Street from which funerals are now conducted, and it would be beneficial for everyone coming to the home in inclement weather. The Board further

found, inter alia, that "The completion of the structural changes proposed by [Brooks] will add to the general welfare of the City of Connellsville, and will increase the convenience and comfort of the citizens of the Community, and will not cause . . . depreciation of value of properties in the area." and that the refusal of the Planning Commission to grant the permit is "arbitrary, unreasonable and capricious, . . . and creates an unnecessary hardship upon [the owner] of the lawful use of his property."

An appeal was then taken to the Court of Common Pleas, which, without taking additional testimony, *affirmed the Order* of the Board of Adjustment. The Court found, inter alia, "that the projected canopy was an insubstantial and inoffensive adjunct or accessory to the funeral home and parking lot, and should not have been treated as a violation of or deviation from the building permit by the Planning Commission."

When no additional testimony is taken by the lower Court, the test before this Court is whether the Board of Adjustment clearly abused its discretion or committed an error of law: *Poster Advertising Co. v. Zoning Board of Adjustment,* 408 Pa. 248, 182 A. 2d 521; *Valley Forge Industries, Inc. Appeal,* 406 Pa. 387, 177 A. 2d 450; *Moyerman v. Glanzberg,* 391 Pa. 387, 138 A. 2d 681; *Spadaro v. Zoning Board of Adjustment,* 394 Pa. 375, 147 A. 2d 159; *Freed v. Power,* 392 Pa. 195, 139 A. 2d 661.

A variance, as the name implies, is a departure or variance from the exact provisions of a zoning ordinance, and is granted where a strict enforcement of the literal terms of the ordinance will result in an *unnecessary* hardship upon a particular property over and above the hardship which may be imposed by the ordinance on all properties in that community: *J. B. Simon & Co. v. Zoning Board of Adjustment,* 403 Pa. 176, 168 A. 2d 317. In that case the Court said (page 178):

"In order to establish a right to a variance an applicant must prove (1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare: Ferry v. Kownacki, 396 Pa. 283, 152 A. 2d 456; Moyerman v. Glanzberg, 391 Pa. 387, 397, 138 A. 2d 681; Michener Estate, 382 Pa. 401, 406, 115 A. 2d 367."

We agree with the Board of Adjustment and the lower Court that the canopy was an insubstantial and inoffensive adjunct or accessory to the funeral home and beneficial to the community.

Order affirmed.