## Sheedy, Appellant, v. Zoning Board of Adjustment.

Argued November 15, 1962.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused February 21, 1963.

*Charles Basch,* with him *Irving L. Hoffman,* **and** *Charles R. Weiner,* for applicants, appellants.

*Carl K. Zucker,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for Zoning Board of Adjustment, appellee.

*Raymond J. Broderick,* with him *Broderick, Schubert & FitzPatrick,* for protestants, intervenors.

OPINION BY MR. CHIEF JUSTICE BELL, January 22, 1963:

This is an appeal from the order of the Court of Common Pleas No. 5 of Philadelphia County which

affirmed the decision of the Zoning Board of Adjustment.

This case involves a 17-room (with five baths), three-story house at 6012 Drexel Road, Philadelphia, Pennsylvania. This property is situate in a district classified as "A" Residential. The applicable zoning ordinance of 1933* permits detached single-family dwellings in a district zoned "A" Residential. This house is and since at least 1935 has been occupied and used as a five unit multi-family dwelling.

C. Walter Sheedy and Gertrude Marie Sheedy, his wife, purchased this property in 1952, at which time they believed in good faith and were justified in believing that its then existing and prior long continued use was a lawful use.** This belief was based upon and supported by the following facts:

The Sheedys were apprised of the fact that the Zoning Board of Adjustment had refused in 1945 to grant the previous owner a variance for a seven unit dwelling. At that time, the Board made no order and gave no warning that it considered the five unit dwelling was a violation of the 1933 ordinance. Subsequent to the Board's refusal to grant a seven unit variance, the house continued to be used and occupied as a five unit multi-family dwelling. When the Sheedys purchased this property in 1952, *no action had been taken* against its former owners to challenge or stop its alleged illegal use. Moreover, it was *not until May 27, 1958* that the Sheedys were ordered to correct the alleged violation of the 1933 ordinance. They were required to cor-

---

* Section 14-203(1)(a) Code of General Ordinances of the City of Philadelphia, approved August 10, 1933.

** Applicants produced testimony that it had been so used prior to the 1933 ordinance. Much to the appellants' surprise, the Zoning Board of Adjustment found (on adequate evidence) that the multi-family use did not begin until after August, 1933, the date the applicable zoning ordinance was enacted.

rect the alleged violation by June 9, 1958, or file an application—for what purpose does not appear from the record.

The Sheedys thereupon applied to the Zoning Board of Adjustment for a permit for a five family dwelling and at the hearing before the Board attempted to establish both a nonconforming use and a variance. Several protestants testified that the property was used as a single family dwelling on August 10, 1933 and for a considerable time thereafter. The Board denied the application.

In 1960, applicants again sought a variance for a five family dwelling. The Board refused to hear the case on the ground that Regulation III (10)* had not been complied with. Upon appeal to the court of common pleas that court, on September 18, 1961, ordered the Board to hear the application for a variance. The application was denied by the Board. On January 31, 1962, the court of common pleas made absolute the rule for a supersedeas and refused the motion to dismiss. On April 17, 1962, the court of common pleas affirmed the Zoning Board's refusal of a variance. On May 8, 1962, the Sheedys appealed to this Court.

As this Court recently stated in *Brennen v. Zoning Board of Adjustment,* 409 Pa. 376, 187 A. 2d 180, "A variance, as the name implies, is a departure or variance from the exact provisions of a zoning ordinance,

---

* "REGULATIONS GOVERNING PRACTICE BEFORE THE ZONING BOARD OF ADJUSTMENT OF THE CITY OF PHILADELPHIA.

"III—Decisions of the Board . . . 10. Except by special permission of the Board, no rehearing will be permitted, after a final determination by the Board, or by a Court on appeal therefrom, for one (1) year from the date of such final determination. In addition, no rehearing will be permitted, after a final determination by the Board, or by a Court on appeal therefrom, until the premises in question have been brought into compliance and remained in compliance with that final determination for at least one (1) year."

and is granted where a strict enforcement of the literal terms of the ordinance will result in an *unnecessary* hardship upon a particular property over and above the hardship which may be imposed by the ordinance on all properties in that community: J. B. Simon & Co. v. Zoning Board of Adjustment, 403 Pa. 176, 168 A. 2d 317. In that case the Court said (page 178):

" 'In order to establish a right to a variance an applicant must prove (1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare: Ferry v. Kownacki, 396 Pa. 283, 152 A. 2d 456; Moyerman v. Glanzberg, 391 Pa. 387, 397, 138 A. 2d 681; Michener Estate, 382 Pa. 401, 406, 115 A. 2d 367.' "

The Board of Adjustment did not appreciate the enormous expenditures which would be necessary in demolishing the interior of this house and reconverting it into a single family dwelling as well as all the additional important factors hereinabove mentioned.

Even if the present use arose only in 1935 and not in 1933, it would be most inequitable and unjust to refuse the grant of a variance in this exceptional case. We therefore determine (1) that unnecessary and unique hardship undoubtedly exists with respect to this property and (2) the grant of a variance to permit the continuance of this use which has existed since 1935 will not be contrary to the public health, safety, morals and general welfare of the district and (3) the Board's refusal to grant a variance in this very unusual situation was arbitrary and capricious and constituted a clear abuse of discretion.

Order reversed; case remanded to the Board of Adjustment with directions to grant a variance in accordance with this opinion.

DISSENTING OPINION BY MR. JUSTICE COHEN:

The record here comes to us with 40 pages of colloquy and 7 pages of testimony. Since the unsworn statements of counsel differ materially, I find myself without the factual basis necessary to arrive at a proper legal determination of this controversy. I would, therefore, remand this case to the zoning board so that the board might compile the necessary record and take appropriate action based on that record.