## Catania v. Zoning Board of Adjustment

*Peter J. Nolan,* for appellant.
*John W. Wellman,* for appellee.

SWENEY, P. J., August 20, 1963.— . . . Appellant seeks a variance to construct a two-story garden type apartment building in an area zoned to permit the construction of single-family detached dwellings. Since additional testimony was heard by this court, we must consider this case de novo and render a decision on the merits: Richman v. Zoning Board of Adjustment, 391 Pa. 254, 257 (1958).

In order to obtain a variance, appellant must prove that (1) the variance will not be contrary to the public interest, and (2) unnecessary hardship, unique to the particular property, will result if the variance is not

granted: Brennen v. Zoning Board of Adjustment, 409 Pa. 376, 380 (1963); Peirce v. Zoning Board of Adjustment, 410 Pa. 262, 265 (1963). After considering all the facts and circumstances of this case and inspecting the property in question, we are of the opinion that appellant is entitled to the variance which he seeks.

The property in question is vacant ground bordering the main line of the Pennsylvania Railroad and is located next to its Crum Lynne Station. The evidence reveals that the proposed two-story apartment building would not be contrary to the public interest, nor would it adversely affect the surrounding neighborhood. However, it is the position of the zoning board that four single-family detached dwellings can be erected on the property in compliance with the zoning ordinance. Appellant contends that because of the location of his property next to the main line of the railroad and its station and because of the topography of the ground itself, it is not feasible to build single-family detached dwellings on the property, and to restrict him to such a use constitutes an unnecessary hardship.

There can be no doubt that the value of houses built on this land would be considerably lessened because of the presence of the railroad practically in their back yards. However, this is not a hardship unique to this particular property. The railroad line runs through the entire length of the borough and similarly affects other properties in its vicinity. Nevertheless, we are of the opinion that this fact, coupled with the excessive cost to prepare appellant's property for the erection of single-family detached dwellings, because of its topography, constitutes an unnecessary hardship peculiar to this property.

An engineer testified on behalf of appellant that because of the slope of the property down to the creek at the rear and northern boundaries of the property, it would be necessary, in order to erect four single-

family dwellings as suggested, to construct 400 linear feet of concrete retaining wall; that the creek on the north side would have to be encased with 60 linear feet of reinforced concrete pipe and that 5,600 cubic yards of fill dirt would be required. He based his calculations on providing a five percent grade for the entire property and estimated that the cost of preparing the ground would be $28,415. He further testified that by constructing a two-story apartment building located on the southern end of the ground, less building area would be required and the aforesaid ground preparation would not be necessary.

On the other hand, the borough engineer testified that by constructing four single-family dwellings with basement entrances and grading the property so as to provide 25-foot rear yards with a five percent slope and utilizing the natural slope of the land for the remainder of the rear yards, 573 cubic yards of fill dirt would be needed and 30 to 40 linear feet of retaining wall would be required to be constructed at the northern portion of the property.

After inspecting the property, we are convinced that a sizeable retaining wall would have to be built and a large quantity of fill dirt would be necessary to prepare the ground for the construction of single-family detached dwellings. The proximity of the railroad line and railroad station would prevent the sale of homes sufficiently expensive to permit recoupment of the costs of construction and preparing the ground for single-family dwellings. Thus, it would not be economically feasible or practical to build single houses on this property, and to compel appellant to so use this land burdens him with an unnecessary hardship unique to this particular property: Garbev Zoning Case, 385 Pa. 328 (1956).

The proposed two-story apartment building is a reasonable and practical use of the property. It is in

keeping with the residential character of the neighborhood and can be constructed without costly ground preparation. The requested variance should be granted. . . .

## Decree Nisi

And now, to wit, August 20, 1963, it is ordered and decreed that:

1. The appeal herein filed is sustained.

2. The decision of the Zoning Board of Adjustment of the Borough of Ridley Park is reversed.

3. The building inspector shall be directed by the said zoning board of adjustment to issue a proper permit for the erection of a two-story apartment building on the property owned by Nicholas F. Catania, trading as James V. Catania and Sons, on West Ridley Avenue, in accordance with the plans submitted; provided they otherwise comply with the building regulations and other applicable ordinances of the Borough of Ridley Park.

4. Each party shall pay their own costs.

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the above decree nisi and if no exceptions be filed thereto within 20 days after the service of such notice to enter upon praecipe the said decree nisi as a final decree.

## Opinion Sur Exceptions

SWENEY, P. J., January 29, 1964.—Nicholas F. Catania, trading as James V. Catania and Sons, was denied a variance by the Zoning Board of Adjustment of Ridley Park. An appeal was taken to this court and, on May 23, 1962, additional testimony was taken before Sweney, P. J. The trial judge rendered his opinion and decree nisi on August 20, 1963, reversing the decision of the zoning board of adjustment and granting appel-

lant a variance. Defendant has filed exceptions, which have been argued before the court en banc and a decision is in order. . . .

Defendant strongly contends that the instant case is ruled by the case of Cooper v. Board of Adjustment, 412 Pa. 429. We agree with the principles enunciated in this case; economic or financial hardship is not in itself sufficient to sustain the grant of a variance; also, one who acquires property with conditions of such economic hardship then existing cannot later be heard to complain thereof and assert such hardship as the basis for procuring a variance. However, the facts in the Cooper case show only that there was an economic hardship. In the instant case, the cost of preparing the ground, building a retaining wall and the building of homes is prohibitive, since dwellings could not be built under such conditions that would permit a sale for a profit. As applied to the property in question, the zoning code of Ridley Park is confiscatory and brings the case under the rule of the Garbev Zoning Case, 385 Pa. 328.

We adopt the chancellor's findings of fact and conclusions of law as our own.