## Saylor, Appellant, v. Drayton.

Argued January 13, 1966. Before Bell, C. J., Musmanno, Cohen, Eagen, O'Brien and Roberts, JJ.

*H. Durston Saylor, II,* with him *John J. Dautrich,* for protestants, appellants.

*Robert S. Ryan,* with him *Lewis H. Van Dusen, Jr.,* and *Drinker, Biddle & Reath,* for zoning board, appellee.

*Joseph F. Keener, Jr.*, with him *Elkins Wetherill*, and *Henderson, Wetherill & O'Hey*, for property owners, intervenor-appellees.

OPINION PER CURIAM, June 24, 1966:

The Court being equally divided, the order of the lower court is affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

_____

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In my view, the variance granted by the court below was grounded on a misapprehension of law and should be set aside and the case remanded for consideration under the correct standard.

The record discloses that William J. Vogt and Helen M. Vogt, his wife, purchased the premises known as 558 Montgomery Avenue, Haverford, Montgomery County, Pennsylvania by deed dated January 29, 1959. At that time the building was not in conformity with the prevailing "R-4" zoning under which only "single-family detached dwellings" were permitted, having been converted into a three unit apartment house by a prior owner.

On January 28, 1963, the Vogts were notified by the township to terminate the multi-family occupancy of the building. Thereupon, the Vogts applied to the zoning board of adjustment of the township for a variance to permit continued use of the premises as an apartment house. The board, relying on the decision in *Sheedy v. Zoning Board of Adjustment*, 409 Pa. 655, 187 A. 2d 907 (1963), granted the variance whereupon H. Durston Saylor, his wife, and the Haverford Civic Association, the protestants in the proceedings, appealed the board's order to the Court of Common Pleas of Montgomery County.

The court, relying on the record made in the proceedings before the board, concluded that *Sheedy* was not controlling and remanded the case for further testimony and a supplemental decision "upon the issue of whether or not the property is reasonably saleable for single family dwelling purposes." *Saylor v. Lower Merion Township,* 83 Montg. Co. L.R. 130, 136 (1963).

On remand, after hearing additional testimony, the board found that the Vogts had failed to establish that the property was not reasonably saleable as a single family dwelling and concluded in light of the opinion of the court of common pleas that the application for a variance should be refused.

The Vogts then appealed and the case came again before the court of common pleas which upon reconsideration concluded that the case was controlled by the decision in *Sheedy.* Consequently, the original decision of the zoning board of adjustment which granted the variance was reinstated. We granted appellants' petition for certiorari under Rule 68½.

My examination of the record in the instant case leads me to conclude that both the board and the court below failed to apply the correct standard in determining that the Vogts were entitled to a variance. Both appear to have treated the decisions in *Sheedy v. Zoning Board of Adjustment,* supra, and *Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A. 2d 61 (1964), as establishing a separate category of variance law applicable to purchasers of nonconforming property. I do not agree; both *Sheedy* and *Hassage* represent merely the application of traditional principles to specific factual configurations.

Since the record discloses that the Zoning Board of Adjustment of Lower Merion Township did not treat the present petition for a variance as subject to those principles, I would remand. The petition should

be considered on its own facts by the application of the traditional test; namely, has the applicant shown: (1) unnecessary hardship which is unique and peculiar to his property, as distinguished from hardship arising from the impact of zoning regulation in general upon the entire district, and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare. See, e.g., *Ferry v. Kownacki,* 396 Pa. 283, 152 A. 2d 456 (1959); *Moyerman v. Glanzberg,* 391 Pa. 387, 138 A. 2d 681 (1958).

Accordingly, I dissent.

Mr. Justice COHEN joins in this dissenting opinion.