# Davis v. Radnor Township Board of Adjustment

*Reese A. Davis, Ernest L. Green* and *Arthur H. Moss,* for appellants.

*Allison F. Page,* for appellee.

LIPPINCOTT, J., July 21, 1967.—Premises 424 Chestnut Lane, Wayne, Radnor Township, Delaware County, are improved by a dwelling house and a building originally erected thereon for use as a garage or carriage house. In 1953, the then owner was granted a special exception by the Radnor Township Board of Adjustment to convert the garage into a separate dwelling for rental to the owner's daughter and son-in-law. The special exception further provided that use of the converted dwelling was restricted to members of the then owner's immediate family.

The building was thereafter converted into its present condition as an attractive dwelling. The first floor consists of kitchen, living room with fireplace,

carport, garage and patio, with such appropriate accessory features as a utility room, closets, etc. The second floor was likewise designed to contain a master bedroom, study and full bath, with closets and storage areas.

Following the death of the original owner, his widow remarried and, in 1961, was granted a special exception by the board of adjustment permitting her to rent the converted building generally, but limited the duration of such rentals to the widow's ownership of the property.

On March 8, 1966, appellant Janson entered into an agreement of sale to purchase the property from the remarried widow, with settlement scheduled for August 11, 1966. On July 23, 1966, prior to settlement, the apartment was rented to its present tenants for a term of one year.

After having received notice from the township building inspector that the apartment could not be rented to an unrelated family, appellant Janson applied for a certificate of occupancy for permission to continue renting the apartment generally. This application was refused and an appeal was timely taken to the board of adjustment for the purpose of securing either a variance or an amendment to the earlier special exceptions, so that the converted building could be rented generally without any restrictions as to duration in time or type of persons. A technical request was also presented, under another section of the zoning ordinance, for permission to convert the structure to its present condition.

Following a public hearing, the board of adjustment granted a variance permitting rental of the converted building as an apartment, subject, however, to the condition that such variance must terminate in five years. The board also decided that the 1961 limitation (restricting rentals to the duration of the landlord's

ownership) was valid. Both the owner of the converted building and owners of adjacent property took separate appeals from the decision of the board of adjustment, which appeals have been consolidated by agreement of counsel.

Evidence was presented by stipulation to the court supplementing the record of the board of adjustment, and we shall, therefore, decide the case on its merits instead of limiting ourselves to a determination of whether or not the zoning board abused its discretion or committed an error of law: Cresko Zoning Case, 400 Pa. 467; Rogalski v. Upper Chichester Township, 406 Pa. 550 (1962).

In view of our findings with respect to the application for variance, we do not here determine the validity of the 1961 special exception or whether a special exception permitting conversion should issue.

On the issue of whether or not a variance should be granted, we note as a physical fact that, as stated by the board of adjustment, ". . . there exists on the property a building which has been converted into an apartment and is, in its present state, utilizable only as a home. . . ." We also agree with the board of adjustment that "The evidence at the hearing was clear and convincing that the existence of a general apartment use for this property since October of 1961 has in no way adversely affected the nature and character of the community in which it exists. The evidence at the hearing was equally clear that abrupt termination of the use of this building as an apartment would require the expenditure of substantial sums by the owner to re-convert the building to a garage or other permitted accessory use. It is equally evident that such expenditure cannot be forced upon the owner and is unlikely to be made. The very real possibility exists that if the apartment use of this building is abruptly terminated, no such conversion

will be made and that instead of an occupied well-maintained building, the community will have imposed upon it an empty derelict building with the concomitant problems thereof".

There is no evidence whatsoever on the record indicating that the requested use would be detrimental to the public health, safety, morals and general welfare of the district.

The facts in the instant case are somewhat similar to those in Bell v. Cheltenham Township, 78 Montg. 33. The property there contained a single-family dwelling and a cottage, which had been used as a single-family dwelling for servants of the owner of the "main house" before the zoning ordinance became effective. After the entire property was sold, a variance was sought to allow the rental of the cottage to nonemployes of the owner. In affirming the decision of the board of adjustment permitting such variance, the court stated on page 36:

"Without question we are faced with a unique situation. The construction of carriage houses as single family units upon the property, separate and apart from the main dwelling, for the accommodation of servants, is a relic of an era now past. Now we are asked to restrict the relic to its original use of a servant's quarters, or to forbid its use as a single family dwelling to one not a member of the family owning the main house. We agree with the board that such a restriction would result in undue hardship for the petitioners. It must be remembered that for 25 years two families have resided on this property without relationship of blood or of master and servant. Petitioners wish to continue the existing use of two dwellings under a lessor-lessee relationship. A present use is found for a relic. To forbid this use is, for all practical purposes under today's economy, to render the cottage uninhabitable. This would be unnecessary waste

of substantial property. The hardship would be severe".

See also Sheedy v. Zoning Board of Adjustment, 409 Pa. 655, which involved the grant of a variance to prevent mandatory reconversion of a five-unit, multi-family dwelling back into a single-family dwelling. In allowing the variance, the Supreme Court discussed the expenditures which would be necessary to reconvert the building and stated, page 659:

". . . it would be most inequitable and unjust to refuse the grant of a variance in this exceptional case. We therefore determine (1) that unnecessary and unique hardship undoubtedly exists with respect to this property and (2) the grant of a variance to permit the continuance of this use which has existed since 1935 will not be contrary to the public health, safety, morals and general welfare of the district and (3) the Board's refusal to grant a variance in this very unusual situation was arbitrary and capricious and constituted a clear abuse of discretion".

We, therefore, find that it would create an unnecessary and unique hardship to require a discontinuance of the use of this converted property after so many years and that the grant of a variance by the board of adjustment was proper and not contrary to public health, safety, morals or general welfare.

With respect to the limitation of five years imposed by the zoning board of adjustment in granting the variance, we find that this bears no reasonable relationship to health, safety, morals or general welfare, and, as pointed out previously, to require the discontinuance of such use after five years, would undoubtedly result in *unnecessary* and unique hardship, as well as financial loss. If the public has not been adversely affected by its use for the past 14 years, and there is no evidence that it will be so affected for another five, it is difficult to conclude that the use would

suddenly become adverse after that period. We find to the contrary.

We, therefore, enter the following:

FINAL DECREE

And now, July 21, 1967, following argument before the court en banc and upon consideration of written briefs, it is ordered and decreed that:

1. The variance granted by the Zoning Board of Adjustment of Radnor Township from the provisions of section 701 of the Radnor Township Zoning Ordinance of 1928, as amended, authorizing the use of the garage building at 424 Chestnut Lane, Wayne, Radnor Township, as an apartment, subject to the condition that it shall not be occupied by more than one family, is hereby affirmed, except as hereinafter qualified.

2. The limitation of the board of adjustment requiring conversion of the entire premises to single-family occupancy on or before December 9, 1971, is reversed and said condition declared void.

3. The appeal of Peter W. Davis and Irene M. Davis, C. Bruce Campbell, Jr., and Laura A. Campbell, John E. Steine and Cynthia F. Steine, be and the same is hereby dismissed.

4. The zoning board of adjustment is ordered and directed to issue a variance in proper form, together with a certificate of occupancy.

5. Exceptions are granted to the zoning board of adjustment and to the appellant property owners.