Filanowski et al., Appellants, *v.* Zoning Board
of Adjustment.

Argued April 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Maurice Stern,* with him *Louis E. Levy,* for appellants.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Levy Anderson,* City Solicitor, for City of Philadelphia, appellee.

*Irvin Stander,* for intervening appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1970:

This appeal challenges the correctness of an order entered in the court below affirming the grant of a variance by the Zoning Board of Adjustment of the City of Philadelphia. The land involved is located in a district, zoned R-2 Residential, wherein only one-family dwellings are permitted. The variance allows the construction of a thirty-seven family apartment complex with accessory off-street parking. The appellants, a husband and wife who own neighboring land, protested the grant of the variance before this Board and the court below.

Since the court below relied entirely on the record compiled before the Board and received no additional evidence, our scope of review is limited to a determina-

tion of whether or not the Board committed a manifest abuse of discretion or an error of law. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A. 2d 426 (1970). After studying the record, we are not persuaded that the Board erred in either respect. We will therefore affirm.

It is true that a variance should be granted only under exceptional circumstances, and only in those instances where the applicant establishes: (1) that the grant thereof will not be against the public interest; and (2) that if the variance is not granted an "unusual hardship" in the use of land will result: *O'Neill v. Zoning Board of Adjustment,* 434 Pa. 331, 254 A. 2d 12 (1969). The Board concluded that these requirements were satisfied in the instant case and we agree.

For the purpose of this opinion we deem it unnecessary to detail all of the unusual conditions presently existing incident to the land involved. We merely note that it is completely landlocked, without any public street frontage and surrounded almost in its entirety by land upon which apartment complexes are constructed. Further, the only possible access thereto is over another tract of land owned by the applicant.

But, it is argued that the applicant purchased the land involved with its eyes open, i.e., with knowledge of the restrictive zoning regulations, and created the existing unusual hardship by assembling as a unit three contiguous parcels of land which it owns and by constructing an apartment complex on one of such parcels.[1]

The foregoing position overlooks and fails to take into account one salient fact, which is this: Since the applicant purchased the land involved, there has been a substantial change in circumstances, for which the applicant is not responsible. At the time of purchase,

---

[1]This particular parcel is located in a zoning district which permitted apartments.

an abutting parcel of land, owned by others and fronting on nearby Henry Avenue, was zoned R-2 Residential, the same as the land here involved. Under those circumstances, the applicant's land was not landlocked zoning wise. However, since that time, this abutting land has been rezoned to R-12, which permits apartments, and an apartment complex has been constructed thereon. This removed all possible access to applicant's land from Henry Avenue. The rezoning was the event which created the presently existing landlocked condition constituting hardship, and in this rezoning the applicant had no part.

Only one further argument of the appellants needs discussion. It appears that several years ago the instant applicant applied for a variance for the same land, which was denied by the Board. The Court of Common Pleas affirmed this decision and such order was not appealed. It is urged that this established "the law of the case", since the parties to that proceeding and the issues therein were identical with those herein. We do not agree.

"The law of the case" is established only by a decision of an appellate court. *Commonwealth v. Tick, Inc.,* 431 Pa. 420, 246 A. 2d 424 (1968); *Brown Estate,* 408 Pa. 214, 183 A. 2d 307 (1962). Moreover, if this argument of the appellants were construed as advancing a plea of "res judicata", it is still without merit. An order of a court affirming a decision by a Zoning Board refusing a variance does not preclude a subsequent grant of a variance for the same land if there has been a subsequent substantial change in conditions incident to the land itself. *J. B. Simon & Co. v. Zoning Board of Adjustment,* 403 Pa. 176, 168 A. 2d 317 (1961); *Crawford Zoning Case,* 358 Pa. 636, 57 A. 2d 862 (1948).

Order affirmed.

DISSENTING OPINION BY MR. JUSTICE COHEN:

Ron-Jeff Corp., intervening appellee, acquired three separate parcels each with its own zoning. On a previous variance application the Court of Common Pleas of Philadelphia County determined that any change in zoning lies not with the courts but with City Council. Since that time, City Council did change other surrounding land but did not change the zoning of the intervenor's land.

I cannot see how the failure of City Council to change appellee's land generates a proper condition for the grant of a variance. Here again the power of zoning reserved to the legislative body is exercised by the courts in violation of law. I would reverse.

I dissent.