Nellie Herman Glazer, Appellant *v.* The Zoning Hearing Board of Worcester Township, Appellee.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*John O'Rourke*, with him *Philip D. Weiss, Mc-Tighe, Mullaney, Weiss, Bonner, Stewart & O'Neill*, for appellant.

*Thomas C. Loury*, with him *Philip R. Detwiler*, for appellee.

OPINION BY JUDGE MENCER, December 10, 1980:

Nellie Herman Glazer (appellant) has appealed from an order of the Court of Common Pleas of Mont-

gomery County which affirmed the decision of the Zoning Hearing Board of Worcester Township (Board) denying her application for a variance.

In 1965, the appellant and her former husband, Leonard Herman, purchased a tract of land and a three-story masonry farmhouse in an area of Worcester Township zoned for agricultural use. The zoning ordinance did not permit the construction or conversion of a building to multiple-tenant use in such a zone. Therefore, the appellant and Herman applied for a variance in order to convert the farmhouse into a first-floor owner's apartment and construct an extension containing two apartment-rental units. The Board granted the variance on the condition, *inter alia,* that no more than three people occupy each of the two rental units. Herman, however, built an extension containing six rental units, which has been in use since 1966, with one person living in each unit. Appellant is now seeking a variance for the six-unit dwelling, in order to facilitate her sale of the property. Both the Board and the lower court denied appellant's request for a variance. We affirm.

Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912, establishes the conditions under which variances may be granted. This section provides, in pertinent part:

The board may grant a variance provided the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property,

and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property; [and]

(3) That such unnecessary hardship has not been created by the appellant....

Appellant first argues that she will suffer undue hardship in complying with the zoning regulations, because of the unique physical circumstances of her property. We disagree. Unnecessary hardship has been defined as a situation in which the property will be rendered "practically valueless" without the grant of a variance. *Heisterkamp v. Zoning Hearing Board, City of Lancaster,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978). It is not sufficient justification for a variance to show mere economic hardship or that the property could be more profitably used for purposes not permitted under the present classification. *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). Appellant has not sustained her heavy burden of proving unnecessary hardship merely by introducing expert testimony that her property is unsaleable as a single-unit dwelling. The 1966 variance currently governing her property permits a three-unit dwelling, and appellant has submitted no evidence to establish that the property would be "practically valueless" as such.

Appellant next contends that the Board erred in finding that her hardship was self-inflicted, because her uncontradicted testimony indicates that she did not know that the six-unit dwelling constructed by her deceased husband was illegal. Appellant overlooks that her testimony alone cannot undermine her role as co-owner of the property and co-applicant for the 1966 variance.

In *Borough of Baldwin v. Bench,* 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974), the father of the appellant developed his land in such a manner that an undersized lot was created, in derogation of the zoning ordinance. He then transferred the property to the appellant as a gift. We stated there that the appellant must assume the same legal status as possessed by his father, and ''[s]ince his father would have been barred from receiving a variance because his hardship was self-inflicted, [appellant] must also be barred.'' *Id.* at 414, 315 A.2d at 913. The instant case is even more persuasive since the wife was co-owner of the property with her husband at the time the hardship was inflicted.

*Camaron Apartments, Inc. v. Zoning Board of Adjustment, City of Philadelphia,* 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974), is a case that is factually similar to this appeal. Although the zoning code only permitted the construction of a 40-unit dwelling, the appellant corporation erected a building with 42 units. The stock of the corporation was transferred, and the new owner requested a variance for the 42-unit dwelling, arguing that he had ''unknowingly inherited'' this zoning problem. We rejected this argument on the basis that a proper investigation at the time of his acquisition would have revealed the illegal use, and thus ''no special consideration can be afforded an applicant who knew or *should have known* of the zon-

ing problem." *Id.* at 575, 324 A.2d at 807 (emphasis in original). Similarly, appellant's professed innocence cannot inure to her benefit where she was co-owner at the time the illegal use arose and she knew or should have known of the terms of the 1966 variance.

Appellant further argues that she is entitled to a variance because of the township's delay in rectifying her illegal use, citing *Sheedy v. Zoning Board of Adjustment*, 409 Pa. 655, 187 A.2d 907 (1963), for support. *Sheedy* is inapposite to the instant case because the municipality knowingly permitted the illegal use for many years, and appellants were subsequent purchasers innocent of the original violation. These factual elements are not present here, and it is well settled that municipal inaction alone cannot support a variance or vested right. *Hasage v. Philadelphia Zoning Board of Adjustment*, 415 Pa. 31, 202 A.2d 61 (1964); *Draving v. Lower Southampton Township Zoning Hearing Board*, 40 Pa. Commonwealth Ct. 243, 397 A.2d 54 (1979). Furthermore, estoppel is an equitable doctrine requiring innocent reliance by the person seeking the estoppel upon the conduct or representation of the adverse party. *Stratford Arms, Inc. v. Zoning Board of Adjustment*, 429 Pa. 132, 239 A.2d 325 (1968). We can find no evidence here to show that the Board induced appellant to continue her illegal use, or that appellant innocently relied upon any action of the Board.

Order affirmed.

ORDER

AND Now, this 10th day of December, 1980, the order of the Court of Common Pleas of Montgomery County, dated August 17, 1979, is hereby affirmed.