Elaine Ignelzi *v.* Zoning Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

102

*Mead J. Mulvihill, Jr.,* City Solicitor, with him *D. R. Pellegrini,* Deputy City Solicitor, for appellant.

*Homer W. King,* for appellee.

OPINION BY JUDGE MACPHAIL, August 6, 1981:

The City of Pittsburgh (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Elaine Ignelzi (Appellee) from a decision of the Zoning Board of Adjustment (Board) and ordered the grant of a variance for which Appellee had applied.

On or about November 8, 1938 Appellee's husband,[1] Louis Ignelzi, purchased a property on which a 2½ story structure was located. The property was located in a B-residence zone under an ordinance which was in effect from 1923 until 1958. Since 1958 the property has been located in an R-2 zone. According to the Board's decision, under both the B-residence and R-2 zones occupancy of a "structure" is restricted to two dwelling units. City records indicate that in 1935 an occupancy permit was issued for the subject premises permitting a two family dwelling. In 1939, a building permit was issued to Dr. Ignelzi for an "extension"

---

[1] Appellee and Dr. Ignelzi were married in 1949.

requiring the expenditure of $125.00. Appellee testified at a hearing before the Board that by 1941 Dr. Ignelzi had converted the subject structure to a seven-unit multiple family dwelling.[2] No occupancy permit was ever obtained for the premises as converted. This illegal nonconforming use continued subsequent to 1941. On January 5, 1979, Appellee, who inherited the property from her husband in 1958, applied for a variance to allow continued use of the structure as a seven-unit dwelling. The Board held a hearing on the matter on January 19, 1979 at which Appellee and several objectors to the application testified. The Board denied the application on February 23, 1979 and Appellee filed a timely appeal with the court of common pleas. The court below, without taking additional evidence, sustained the appeal and ordered that the variance be granted. The instant appeal followed.

The issue raised for our consideration is whether under the facts of this case Appellee has acquired a "vested right" to violate existing zoning restrictions. We conclude that she has not.

Our scope of review in cases of this nature where the court below has taken no additional evidence is limited to a determination of whether the Board has committed an abuse of discretion or an error of law. *Lewis v. Lower Gwynedd Township Zoning Hearing Board*, 24 Pa. Commonwealth Ct. 574, 357 A.2d 725 (1976).

The reasoning of the Board in this case is not at all clear. The Board bases its refusal to grant a variance on its finding that Appellee "failed to submit any proof of occupancy of this property as a 7 unit multiple family dwelling. . . ." Thus the Board apparently concludes that an illegal use has not been proved and that a variance is unnecessary. This conclusion is

---

[2]Appellee testified that the building was converted to seven efficiency apartments with no apartments located in the basement.

clearly not supported by the record. In fact, Appellee admits both by her testimony and by her application for a variance that the use of her property violates the City's zoning ordinance. Although the Board's reasoning, therefore, is erroneous, we affirm its denial of the application for a variance on different grounds. *See Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 327 A.2d 72 (1974).

In order to obtain a variance from a zoning restriction a property owner must prove that, 1) an unnecessary hardship exists which is unique to the property and 2) that a variance, if granted, would not be detrimental to the public health, safety, welfare or morals. *Township of Haverford v. Spica*, 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974). Unnecessary hardship occurs where it is shown that compliance with a zoning ordinance would render a property "practically valueless." In order to justify the grant of a variance the hardship must not be self-inflicted. *Glazer v. Zoning Hearing Board of Worcester Township*, 55 Pa. Commonwealth Ct. 234, 423 A.2d 463 (1980). Since no evidence of unnecessary hardship was presented before the Board the variance was correctly denied.

At oral argument Appellee argued, however, that this case presents a situation where the Board is estopped from refusing to grant a variance as in *Sheedy v. Zoning Board of Adjustment*, 409 Pa. 655, 187 A.2d 907 (1963). In *Sheedy* a house located in a single-family residential zone was converted to a five-unit dwelling and occupied as such, without challenge, for over twenty years. Although *Sheedy* is similar to the instant case in that each involves an illegal use which continued during a period of many years, there are also important differences between the two cases. In *Sheedy* the city had permitted the illegal use to continue despite actual knowledge of its existence. In the

instant case the fact that a building permit for a $125.00 extension was issued in 1939 does not in our opinion demonstrate that Appellant had knowledge of the illegal use.[3] There was no evidence presented that the violation could otherwise be readily detected. Furthermore, in *Sheedy* there was clear evidence of unnecessary hardship which, again, is absent in the instant case. Finally, in *Sheedy* the owners had purchased their property believing in good faith that the existing five-unit dwelling use was lawful. Appellee, on the other hand, as inheritor of the property must assume the same legal status as her husband who, of course, instituted the illegal use and could for that reason be denied a variance. *Borough of Baldwin v. Bench*, 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974) and Ryan, Pennsylvania Zoning Law and Practice, Section 8.3.5 (1970). *Sheedy* is clearly inapposite. We note that our Supreme Court has itself stated that *Sheedy* presented a "singular situation." *Hasage v. Philadelphia Zoning Board of Adjustment*, 415 Pa. 31, 36, 202 A.2d 61, 64 (1964).

We turn now to Appellant's argument that the lower court erred when it found that *Heidorn Appeal*, 412 Pa. 570, 195 A.2d 349 (1963) controls the instant case. In *Heidorn* landowners were found to be entitled to a reasonable extension of a nonconforming use. The entitlement was based on our Supreme Court's conclusion that the township was guilty of laches in waiting ten years to take action against an obvious violation of a setback requirement. The laches created a vested right in the landowners to continue to violate the zoning restriction.

---

[3] Evidence that the Plumbing and House Drainage Division of the City's Department of Public Health issued a certificate of final inspection to Dr. Ignelzi on October 29, 1940 relative to the plumbing system in the subject premises also does not in our opinion demonstrate that the City had knowledge of the illegal use of the property.

We have stated in the past that *Heidorn* presented a unique factual situation which should be strictly limited. *Milewski v. City of Philadelphia,* 27 Pa. Commonwealth Ct. 59, 365 A.2d 680 (1976). It is clear that there are several factors which distinguish *Heidorn* from the instant case. First, in *Heidorn* the deviation from the zoning requirement was apparent, indicating township acquiescence in the violation. There also were no objections by citizens to the violation; in fact, seventy-five citizens urged by petition that the use be allowed. Finally, the owners purchased their property in good faith without knowledge of the violation. Since none of these elements are present in the instant case we are left with only one similarity between *Heidorn* and the case now before us, to wit, a long period of municipal inaction in enforcing a zoning restriction. It is well settled, however, that "mere delay in enforcement does not create a vested right to use property in violation of zoning regulations." *Lewis,* 24 Pa. Commonwealth Ct. at 576, 357 A.2d at 726. We conclude that *Heidorn* is not controlling.

To summarize, we find that Appellee has failed to prove that she is entitled to a variance. Moreover, mere delay by the Appellant in enforcing its ordinance does not create a vested right in Appellee to continue to use her property in violation of the ordinance.

Accordingly, we reverse the decision of the court below.

## ORDER

AND Now, this 6th day of August, 1981 the order of the Court of Common Pleas of Allegheny County, dated August 26, 1980 is reversed and the decision of the Zoning Board of Adjustment of the City of Pittsburgh to deny the application of Elaine Ignelzi for a variance is hereby reinstated for the reasons set forth in the foregoing opinion.