Anthony J. Moses and Robert J. Moses, Appellants *v.* Zoning Hearing Board of the Borough of Dormont and Borough of Dormont, Appellees.

Anthony J. Moses and Robert J. Moses, Appellants *v.* Zoning Hearing Board of the Borough of Dormont and Borough of Dormont, Appellees.

444

Argued November 16, 1984, before Judges MAC-PHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*Alvin E. Dillman, Dillman & Schuchert,* for appellants.

*Phillip D. Paull,* for appellees.

Opinion by Judge MacPhail, February 8, 1985:

Anthony J. Moses and Robert J. Moses (Appellants) appeal from an order of the Court of Common Pleas of Allegheny County which affirmed a decision of the Zoning Hearing Board (Board) of the Borough of Dormont (Borough) denying Appellants' request for a variance, special exception or non-conforming use status.[1] We affirm.

The building in question was originally a single family dwelling which was converted[2] to a four family dwelling. The building is located in an R-4 Residential District under the provisions of Zoning Ordinance No. 1124 of 1968, Borough of Dormont (December 30, 1968) (Ordinance No. 1124). Permitted structures in an R-4 district include townhouses, garden apartments and apartment houses. After inquiring as to how the property in which the building

---

[1] As will later appear in this opinion, this case came before the trial court on two occasions. When Appellants first appealed from the Board, the case was identified on the trial court docket as SA 779 of 1982. After the trial court remanded the case to the Board and Appellants again appealed, the case was then identified as SA 275 of 1983. Although the order appealed from to this Court incorporates both trial court numbers, Appellants filed their appeal to both trial court numbers which resulted in two appeals identified in this Court as Nos. 2193 and 2194 C.D. 1983. Both "appeals" were consolidated for argument but, in fact, there is only one appeal and order for our disposition.

[2] It is not clear when the conversion to a four unit dwelling took place, but Appellantas attempted to prove that it was prior to 1968, before the ordinance took effect. Appellants also argued that current Ordinance No. 1124 repealed the prior ordinance, effectively eliminating prior land use regulations and rendering the existing four unit use legitimate, theorizing that "[T]he question of illegal conversion or illegal use ceased to exist upon the enactment of Ordinance No. 1124." Appellants' Brief at p. 21.

was located was zoned, Appellants purchased the four unit building. At the time they purchased the building, however, Appellants did not check the zoning ordinance or attempt to secure a multi-family occupancy permit.

Eleven years later, after Appellants spent time and money refurbishing the four units, the Borough notified Appellants that the building was an illegal conversion in violation of Ordinance No. 1124. On June 28, 1982, Appellants filed a request for a variance so that the building could be used as a four family unit dwelling or, as an alternative, requested a special exception occupancy permit based on a prior non-conforming use.

A public hearing was held and on October 21, 1982, Appellants' requests were denied.[3] The Board found that Appellants failed to demonstrate their entitlement to either a variance or a special exception. The Board also found that there was no prior non-conforming use which would allow the building to be used as a four family dwelling unit.

Appellants then appealed to the trial court which, without taking additional evidence, held that Appellants had failed to demonstrate the existence of a non-conforming use or the right to a special exception. As to the requested variance, the court remanded the matter to the Board on the narrow issue of unnecessary hardship. The Board was ordered to determine whether the building had value as a single family residence and to permit Appellants to offer evidence of the uses of surrounding properties as relevant to that issue. A hearing was held and on

---

[3] Appellants' request for an occupancy permit was denied at a previous hearing on the basis that the four dwelling unit would be in violation of Ordinance No. 1124.

April 21, 1983, the Board found that the building has value as a single family dwelling, that the neighborhood's multi-family uses were not so pervasive as to impose a hardship on the property and that therefore no hardship was imposed on Appellants. Accordingly, the Board denied the request for a variance.

Appellants appealed this decision to the trial court which, again without taking additional testimony, affirmed the decision of the Board. The instant appeal followed.

Our scope of review, where the trial court took no additional evidence, is limited to a determination of whether the Board abused its discretion, committed an error of law or made findings of fact which are unsupported by substantial evidence. *Indiana Township Zoning Hearing Board v. Weitzel,* 77 Pa. Commonwealth Ct. 108, 465 A.2d 105 (1983).

Appellants contend that: (1) the Board erred in denying their requested relief because the use of their property is a permitted use under the terms of the ordinance, (2) the Borough is equitably estopped from enforcing the provisions of the ordinance against this property and (3) the evidence presented to the Board warrants the grant of a variance.

At the remand hearing, Appellants offered to show that since the property was a permitted use (apartment) in an R-4 district, the bulk regulations and parking restrictions of the ordinance would not apply and therefore no variance was needed. The Board refused to receive that evidence on the ground that it exceeded the purpose for the remand as articulated by the trial court in its remand order. Appellants argued to the trial court and now argue to this Court that the Board erred in refusing that evidence. It was the opinion of the trial court that the Board

correctly excluded the evidence, noting that while the Appellants were free to withdraw their variance request and request a review of the zoning status of their property, they could not use the remand hearing as a vehicle to try out a new theory on the Board when the trial court had specifically instructed the Board what it wanted the Board to decide. We affirm the trial court's ruling. It is well established that matters not raised below cannot be considered on appeal.[4] *Calvanese v. Zoning Board of Adjustment,* 51 Pa. Commonwealth Ct. 152, 414 A.2d 406 (1980); *Bamash v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974). Appellants argued the permitted use theory too late to be considered on this appeal.

Concerning the denial of the variance, it must be noted that in order to obtain a variance from a zoning restriction, a property owner must demonstrate that 1) an unnecessary hardship exists which is unique to the property and 2) a variance would not be detrimental to the health, safety, or welfare of the community. *Ignelzi v. Zoning Board of Adjustment, City of Pittsburgh,* 61 Pa. Commonwealth Ct. 101, 433 A.2d 158 (1981). Unnecessary hardship occurs where the property will be rendered "practically valueless" without the variance, but mere economic hardship is insufficient to justify the granting of a variance. *Weitzel.* Appellants in the instant case have not sustained their heavy burden of proving unnecessary

---

[4] *See also* Section 1008(1) of the Pennsylvania Municipalities Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11008(1). Section 1008(1) provides in pertinent part:

Zoning appeals shall be entered as of course by the prothonotary or clerk upon the filing of a zoning appeal notice which concisely sets forth the grounds on which the appellant relies.

hardship. As we stated in *Immordino v. Morrisville Zoning Hearing Board,* 65 Pa. Commonwealth Ct. 79, 85, 441 A.2d 818, 821 (1982):

> The appellants are affected no differently by the requirement for 2,000 square feet per dwelling unit than are other owners of multi-family dwellings within the zone, and the only hardship they would sustain would be a financial one in the way of lost rents from the two additional apartments and the funds already expended on reconverting their premises from four to six apartment units. The case law is clear that the economic hardship occasioned by the first eventuality is not sufficient to satisfy the standard of unnecessary hardship necessary to obtain a variance, and, as to the second consideration, the hardship sustained by the appellants by their conversion of the premises prior to obtaining borough approval can only be described as self-inflicted and, therefore, less than the *unnecessary* hardship required. (Emphasis in original.)

Likewise, the financial hardship caused by the necessity of now complying with Ordinance No. 1124 is not the unnecessary hardship which will support a variance. The variance was correctly denied.

Appellants finally argue that this case presents a situation where the Borough is estopped from enforcing Ordinance No. 1124 under principles of equitable estoppel, citing *Knake v. Zoning Hearing Board of Dormont,* 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983) and *Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963). In *Sheedy,* our Supreme Court found five factors which collectively demonstrated the need for a variance for a five unit dwelling located in a single family zoning district.

The five factors were: 1) the present owners purchased the property believing in good faith that the multi-dwelling use was lawful, 2) enormous expenditures would be required to reconvert the structure to a single family dwelling, 3) the municipality did not enforce the zoning restrictions for twenty-three years, 4) the municipality was aware of the existence of the illegal use and, 5) the multi-family use presented no threat to the public health, safety or welfare. In *Knake,* this Court applied *Sheedy* to hold that it would be inequitable to enforce a zoning ordinance under facts similar to *Sheedy.*

*Knake* emphasized that one of the key factors in a determination of whether estoppel will apply is the innocent reliance of the property owners on the validity of the use. In the case *sub judice,* the Board found that while Apepllants, prior to purchasing the property, did inquire as to the identification of the zoning district in which the property was located, they did not inquire regarding the validity of the specific use then being made of the property. One of the Appellants testified:

> When I came there and he told me—showed me on the map—he or she—whoever it was— showed me on the map that it was in a R-4 zoning, and this lady [a tenant] had lived there for so many years, I just figured it was a legally four-unit apartment now.

While Appellants did make a minimum inquiry, we doubt that it was adequate to place them in the category of someone who innocently relied upon the validity of the existing use before buying the property. When this property was purchased in 1969 occupancy permits were well known as evidence of valid use. Appellants by making a further inquiry easily could have ascertained the problem with which they

are now confronted. There is not now and never has been an occupancy permit for the subject property as a four-unit dwelling. Since case law is to the effect that a good faith purchase or innocent reliance upon existing use is something Appellants must prove before the principle of equitable estoppel may be applied against a municipality in a zoning case, and we have concluded that the Board's findings against Appellants on this issue are based upon substantial evidence, we must also conclude that the Borough cannot be barred from denying Appellants relief on the basis of equitable estoppel.

Order affirmed.

ORDER

The order of the Court of Common Plaes of Allegheny County dated July 13, 1983 is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.