## Washington Trust Company Account.

364

Argued March 22, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Joseph C. Spriggs,* with him *W. A. H. McIlvaine,* for appellant.

*George O. Frazier,* with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee, Secretary of Banking.

*Andrew M. Linn,* with him *Lloyd O. Hart,* for appellees, depositors.

OPINION BY MR. JUSTICE PATTERSON, September 25, 1944:

This appeal by the Washington Union Trust Company, substituted trustee of the securities or investment pool of the insolvent Washington Trust Company, presents three questions, (1) whether the decree directing distribution of the balance of funds in the Receiver's account is a final decree, (2) whether depositors of a closed trust company have a preferred claim for the full amount of their deposits with interest thereon after the date of receivership, and (3) whether the court below properly awarded counsel fees from the trust fund to the attorney for the depositors, he not having been instrumental in creating or preserving the fund.

The Secretary of the Department of Banking, appellee, was appointed Receiver of the Washington Trust Company on October 5, 1931. On June 30, 1934, the Washington Union Trust Company, appellant, was appointed substituted trustee of the general trust fund of mortgages or mortgage pool of the Washington Trust Company, and substituted trustee of the investment or securities pool of said company. The Receiver proceeded to liquidate the assets of the commercial department of the insolvent Trust Company, filing periodic accounts. By 1940 it was apparent that there were ample assets to pay all depositors in the commercial department the face amount of their deposits with a substantial balance remaining. On June 23, 1940, appellant, as substituted trustee of the mortgage pool, filed a petition in the court below alleging gross mismanagement on the part of officers and directors of the insolvent company and, as substituted trustee of the securities or investment pool, filed a petition alleging fraud upon the settlors of inter vivos trusts. Both petitions requested a right of priority in any liquidation, subject only to the claims of depositors.

The sixth and partial account of the Receiver was filed June 30, 1943. Thereupon appellant filed claims with the Receiver and made averments similar to those set forth in its petitions of June 30, 1940. It now claimed, however, as substituted trustee of the securities or investment pool, a right of priority over depositors in any liquidation. On August 20, 1943, appellant filed a petition in the court below setting forth a detailed statement of facts upon which its claim of priority was based.

At the audit of the account appellant filed formal objections to the proposed distribution of the balance to the depositors as interest upon their deposits, asserting the preferred claims of settlors of the inter vivos trusts. Counsel for all parties in interest agreed that consideration of the exceptions be postponed until the court should determine whether interest was to be paid to the depositors. If payment of such interest was necessary to constitute payment in full then no fund would exist to which appellant could look for payment of its claims. The court below decided that interest should be paid to the depositors, directed the payment of counsel fees out of the fund to Andrew M. Linn, Esq., attorney for the depositors, and directed distribution of the balance to the depositors. Exceptions were taken to the adjudication. At the oral argument of January 25, 1944, the court below stated that the decree of November 1, 1943, awarding interest to depositors, was a final decree of distribution. This appeal followed.

A decree to be final and appealable must preclude the complaining party from further action in the court making such decree: *Keasbey's Trust Estate,* 342 Pa. 439, 444. The decree of the court below directing distribution of the fund to depositors determined appellant's rights in and to said fund. Failure to refer to appellant's putative right to trace the trust res in accordance with the principles of the *Erie Trust Company's Case (No. 1),* 326 Pa. 198, does not affect the finality of the decree. This failure was brought about by the manner

in which the case was presented in the court below. Appellant having stipulated that consideration of its exceptions "had best lie back behind the determination of whether there is going to be any fund from which [they] could be paid" cannot now complain that the court below failed to adjudicate the same and thereby preclude finality of the decree. Furthermore, the claim comes too late —approximately nine years after appellant was appointed substituted trustee, during which time no affirmative steps were taken by it to establish a preferred claim in the trust fund, nor was any claim of that nature made prior to June 30, 1943.

The date upon which the Receiver assumed control of the Trust Company preceded enactment of the Department of Banking Code of 1933.[1] The statute applicable to the distribution of assets was, therefore, the Act of 1907, P. L. 192, as amended by the Act of 1913, P. L. 354. Cf. *Harr v. Lower Chichester Township,* 337 Pa. 395, 398. The latter statute gives priority of distribution to depositors and makes no reference with regard to interest upon deposits.[2] It is necessary, therefore, to apply the common-law rule permitting preferred depositors to receive interest upon their deposits. It is well settled

---

[1]Act of May 15, 1933, P. L. 565, 71 P.S. section 733, et seq.

[2] "Section 1. Be it enacted . . . That in case of any distribution of the money, funds, property, or other assets, whatsoever, of any trust company, in the course of its liquidation by legal process or otherwise, distribution shall be made and preferred in the following order, namely:

First. To the payment of all depositors in the trust company, whether the deposits be subject to immediate check or only payable after specified notice, or at the expiration of a fixed period, whether or not such notice has been given or such period expired at the time of such distribution. Bona-fide holders for value of certified checks on such trust company, or of certificates of deposit issued by such trust company, or of checks or drafts of such trust company given in exchange for or in payment of checks or drafts of depositors of such company drawn thereon, not exceeding the balance to the credit of such depositor, shall also be treated and considered as depositors within the meaning of this act": Act of May 23, 1913, P. L. 354.

that principal as well as interest accruing during a receivership is paid upon preferred debts even though those of a lesser class may receive nothing: *Mortgage Building and Loan Association Case,* 334 Pa. 81, 106; *Reliance Building and Loan Association Case,* 141 Pa. Superior Ct. 315, 318-319. See *Guardian Bank and Trust Company Case,* 330 Pa. 411, 416. The court below properly held that the remaining assets were to be applied to the payment of interest accruing upon the deposits after the Receiver had assumed control of the Trust Company. The legislature by enacting section 1011 of Art. X of the Act of 1933, supra, which limits payment of interest upon deposits to that accruing prior to the date that the Receiver enters into possession,[3] impliedly recognized that interest was unrestricted theretofore. See *Guardian Bank and Trust Company Case,* supra.

Payment of counsel fees out of a trust fund is justified only where the attorney has performed services necessary to the creation or preservation of the fund out of which payment is sought: *Peoples-Pittsburgh Trust Company v. Pittsburgh United Corporation,* 334 Pa. 107, 113-114. Here the attorney for the depositors was protecting their interests exclusively. He did not create or preserve the fund for the benefit of all interested in the estate and did nothing to protect it from the negligence of the substituted trustee. Allowance of counsel fees must be refused.

The decree is modified by refusing counsel fees to Andrew M. Linn, Esq. As thus modified the decree of the court below is affirmed.

---

[3] "Any deposit and any interest due thereon which has been, or according to the by-laws or rules and regulations of the institution should have been, credited to such deposit, prior to the date of the taking of possession of the institution by the secretary as receiver, whether subject to withdrawal by check or by any other method not requiring notice, or to withdrawal only after notice or after the expiration of a fixed period, whether or not such notice has been given or such period has expired at the date of distribution . . .": Act of May 15, 1933, P. L. 565, 71 P.S., section 733-1011.