# Lovering, Appellant, *v.* Zoning Board of Adjustment.

Argued November 21, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*F. Hastings Griffin, Jr.,* with him *Frederick D. Sarkis,* and *Barnes, Dechert, Price, Myers & Rhoads,* and *Stassen, Kephart, Sarkis & Scullin,* for appellants.

*Lenard L. Wolffe,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for zoning board of adjustment, appellee.

*Jack C. Briscoe,* with him *Homer Cook Grasberger,* for intervenor-appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 13, 1962:

This is an appeal from an Order of Common Pleas Court No. 2 of Philadelphia County which affirmed, in part, the action of the Zoning Board of Adjustment which granted to the applicant a use certificate and several variances.

The applicant purchased this property in 1952. At that time the property was and still is zoned "A" residential. Applicant presently conducts a nursing and convalescent home on its property which is adjacent to this property and has conducted this home from 1945 until the present time. Applicant proposes to erect a new 3-story nursing and convalescent home, which will accommodate 212 patients, with accessory off-street parking. The proposed building would not meet the minimum set back and rear yard depth requirements. Applicant sought (a) permission to build and operate the home (b) with accessory private off-street parking and (c) a variance from the minimum set back and rear yard depth requirements.

Section 14-203 of the Zoning and Planning Section of the Philadelphia Code provides: "Section 14-203— 'A' Residential District . . . (2) The following non-

residential uses shall be permitted only if a Board of Adjustment Certificate is obtained: . . . (c) Medical and surgical hospitals, medical centers, and sanitaria other than for contagious disease; eleemosynary. and public institutions (other than correctional) . . . (e) Rest or convalescent homes." Section 14-1802(c) of the Code sets out the criteria to be employed by the Board in deciding whether a certificate shall be granted. The Board found that the proposed use conformed to those criteria. It granted a certificate permitting the use as a nursing home and also permitting the off-street parking lot. The Board also granted, without any testimony to justify it, a variance from the minimum open area requirements of the Code. The Court, without taking any testimony whatever, (a) affirmed the grant of the certificate permitting the use and (b) by implication and without even mentioning the subject in its Order affirmed the variance, and (c) under its implied powers, remanded the case to the zoning board for the sole purpose of taking testimony upon the amended application for off-street parking. Protestants appealed from the Order of the lower Court.

Appellee moves to quash the appeal because the Order of the lower Court is interlocutory. While the question is a close one, we have decided not to quash. Those parts of the Order of which appellants complain are final: *Myers v. Travelers Ins. Co.*, 353 Pa. 523, 46 A. 2d 224. In *Myers v. Travelers Ins. Co.*, the Court made absolute a rule by defendant to stay proceedings until plaintiff permitted a physical examination of himself to be made. Plaintiff appealed from this order; defendant filed a motion to quash the appeal on the ground that the order was interlocutory; the Court held that the order was final and dismissed the motion to quash the appeal. The Court said (p. 525) : "Unless an appeal from an interlocutory order is allowed

342

by statute, a decree to be final and appealable must preclude the complaining party from further action in the court making such decree: see Keasbey's Trust Estate, 342 Pa. 439, 20 A. 2d 281; Washington Trust Company Account, 350 Pa. 363, 366, 39 A. 2d 137, and cases therein cited. The effect of making the rule absolute was to preclude plaintiff from further action."

The record shows that the evidence was adequate to justify the grant of a certificate permitting the erection of a three-story building to be used as a nursing and convalescent home.

Appellee did not produce and contends that it need not produce any evidence of undue or unnecessary hardship in order to obtain a variance—all it has to do is to present evidence which is sufficient to warrant the grant of a certificate. This is undoubtedly erroneous.

The Board stated that the undue hardship, necessary to obtain a variance, was that "the proposed building would not be in conformity with the other buildings presently existing on this plot as a nursing and convalescent home." This is equally erroneous. The law is clearly settled that one who asks for a variance has the burden, and it is a heavy burden, of proving undue, or as it is sometimes called unnecessary, hardship, and that the variance will not be contrary to the public interest: *Silverco, Inc. v. Zoning Board of Adjustment*, 379 Pa. 497, 109 A. 2d 147; *South Philadelphia Dressed Beef Co. v. Zoning Board of Adjustment*, 391 Pa. 111, 137 A. 2d 270; *Pincus v. Power*, 376 Pa. 175, 101 A. 2d 914.

There was no evidence of undue hardship or any legal justification for the variance which was granted by the Board and its grant was a manifest abuse of discretion.

Grant of use certificate affirmed; grant of variance reversed; case remanded to Zoning Board of Adjust-

ment with directions to take testimony and enter appropriate Order with respect to the application for off-street parking.