## Amchem Chemical Products, Inc., Appeal (No. 2)

*Elmer L. Menges*, for appellant.

*John P. Knox*, for appellee.

FORREST, P. J., May 28, 1963.—This is an appeal from the decision of a zoning board of adjustment denying an application for a variance to permit the maintenance of an existing sign on the applicant's premises.

In a previous appeal by the same appellant as in the instant case, we affirmed the decision of the zoning board ordering that this very sign be removed from the premises: Amchem Products, Inc., Appeal, 29 D. & C. 2d 168.

Then appellant, instead of removing the sign, altered the same, which had formerly read "Amchem Research Farm Weedone," by removing the part of it which contained the word "Weedone." Whereupon, appellant filed a new application for certificate of conformity (variance). Although the present sign, as altered, is slightly smaller than the sign as originally erected, it still violates article IX, sec. 1500, of the Lower Gwynedd Township Zoning Ordinance of 1941, as amended.

The zoning officer refused the certificate of conformity, as a consequence of which appellant took an appeal to the Zoning Board of Adjustment of Lower Gwynedd Township. The zoning board affirmed the order of the zoning officer and denied a variance. From that action this appeal followed.

The facts are essentially the same as those recited in our opinion on the previous appeal, with this change;

the sign is now 52½ feet in length, instead of 72 feet as heretofore. It has an area of 274.6 square feet, instead of 576 square feet, as heretofore.

The pertinent ordinance permits signs of a maximum of 15 square feet in an "A" Residential District. The appellant's existing sign is many times as large as the maximum permitted. Even in "F-1" Industrial and "D" Business Districts, the maximum size allowed is 100 square feet. The ordinance, at section 1500c, also permits two signs, each not exceeding three square feet in area, indicating the location or direction of each property. The manifest intent of the drafters of the ordinance was to eliminate billboards, or the like, in residential zones and to impose a limitation of two modest-sized directional signs for each property. In a residential zone, commercial signs are anomalous and the ordinance which prohibits signs larger than 15 square feet in an "A" Residential District should not be struck down as unconstitutional or otherwise illegal.

Appellant contends that it is entitled to a variance. "The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an 'unnecessary hardship' " . . .: Cresko Zoning Case, 400 Pa. 467, 470 (1960). . . . "Upon a particular property, over and above the hardship which may be imposed by the ordinance on all properties in that community": Brennon v. Zoning Board of Adjustment, 409 Pa. 376 (1963). "One who asks for a variance has the burden, and it is a heavy burden, of proving undue, or as it is sometimes called, unnecessary hardship." . . : Lovering v. Zoning Board of Adjustment, 406 Pa. 339 (1962). . . . "Which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district": Brennen v. Zoning Board of Adjustment, supra.

344

Appellant has shown no necessity for a huge sign, such as it presently maintains, in order to enable persons having a proper and legitimate interest to locate its property. Evidently it seeks special treatment or preference, to advertise on its property, not granted to other properties, similarly situated. It has shown no reason why it should be given such preferred treatment.

Our opinion of April 19, 1962, was sufficiently clear, unambiguous and final so that there was no necessity for filing this appeal, trifling with our previous opinion, to ascertain what our decision would be in the instant case. Appellant, in failing to remove the sign, has been contemptuous of our previous order.

And now, May 28, 1963, the decision of the Zoning Board of Adjustment of Lower Gwynedd Township is affirmed.