# Ogden Estate

*Howard R. Cohen*, for petitioner.
*Edward D. McLaughlin*, for respondent.

DIGGINS, *J.*, November 27, 1974—The instant matter is presently before the court by virtue of a petition for citation and a decree, dated May 3, 1974, directing the issuance of citation upon John M. Ogden and Helen Ogden Tharp to show cause why an appropriate fee should not be paid to Basil C. Clare, Esq. A hearing was held in connection therewith on June 6, 1974, at which time testimony and evidence were received by the court, and, sub-

sequently, briefs were filed with the court. The matter is now ripe for determination.

The record compiled before this court, including prior proceedings and hearings pertinent hereto, discloses that by decree dated August 22, 1972, John M. Ogden (the brother of the alleged incompetent) was appointed guardian of the estate of Carroll E. Ogden, an incompetent. The said decree also directed the guardian to file an inventory. The petition for appointment of guardian, filed by John M. Ogden, set forth, in paragraph 12 thereof, the following averment:

"The names and addresses of the alleged incompetent's next of kin to the extent known by your petitioner, other than those named in his Will are as follows: — None".

Further, the averment of the said petition estimated the gross value of the alleged incompetent's estate to be $48,000., including inter alia, a $22,000. savings certificate in the Peoples Bank of Oxford, Chester County, Pa. On September 5, 1972, the guardian's inventory was filed, and reference thereto discloses that although total assets of $48,000. were shown, $22,000. of this sum was represented by four savings certificates of the Peoples Bank of Oxford "owned jointly with right of survivorship with Dorothy Y. Ogden."[1] Thus, the actual net inventory, exclusive of the said $22,000., totalled $26,000. Dorothy Y. Ogden is the wife of the guardian, John M. Ogden, and sister-in-law of the incompetent. The incompetent, Carroll E. Ogden, died on January 9, 1974.

Mrs. Helen Ogden Tharp, the niece of the late incompetent, through her counsel, Mr. Clare, filed a petition with this court to remove John M. Ogden

---

1. This fund resulted from the sale of the incompetent's home.

as guardian, alleging, inter alia, that he procured his appointment by fraud and was guilty of other improprieties (it being noted, as aforesaid, that John M. Ogden failed to disclose the existence of this relative of the incompetent). As a consequence of Mrs. Tharp's petition and hearings held in connection therewith, the court directed the guardian to file an interim account by decree dated February 8, 1973; the court did not remove the guardian.[2] Pursuant to the said decree, an interim account was thereafter filed with the court which *included* the $22,000. fund in issue, it appearing that on February 8, 1973, the certificates were retitled into the name of the incompetent alone. During the course of these proceedings, as well as prior and subsequent proceedings, it was disclosed that, by the late incompetent's last will, dated April 14, 1972, John M. Ogden was the sole beneficiary; conversely, by his prior will, Mrs. Tharp was to receive the bulk of his estate. In this regard, during these proceedings (but prior to the death of the late incompetent), Mrs. Tharp sought to invalidate the last will; after the death of the late incompetent, Mrs. Tharp, through her counsel, commenced a will contest, and, in connection therewith, an amicable settlement was achieved whereby Mrs. Tharp received the sum of $6,000. in settlement of her claim.

As to the issue presently before the court, it is the position of counsel, the petitioner, that his efforts were directly responsible for the recovery of $22,000. for the estate of the late incompetent, same having been wrongfully removed therefrom. As to his arrangements concerning compensation, counsel was paid a retainer by Mrs. Tharp and, in

---

2. Nor was Mrs. Tharp successful in obtaining the other forms of relief sought; further, her objections to the interim account were dismissed.

addition, entered into a contingent fee arrangement. A sum in excess of $4,000. is sought by counsel based upon the standard principles applicable to the determination of fees. Conversely, the guardian contends that the funds in question were initially titled in the names of the late incompetent (prior to his adjudication of incompetency) and the guardian's wife at the insistence of the late incompetent; that the guardian's wife, considered the funds as those of the incompetent, and that the funds were voluntarily returned to the estate. For the reasons hereinafter set forth, the petition must be dismissed.

The law is well established that, ordinarily, a litigant is responsible for the fees of counsel employed by him. See, inter alia, Wilbur's Estate, 334 Pa. 45, (1939); Trimble Estate, 392 Pa. 277 (1958), and Yerger v. Yerger, 66 D. & C. 539 (1948). Concomitantly, it has been held that where many persons have a common interest in a trust property or fund, and one of them, for the benefit of all, at his own cost and expense, brings suit for its preservation or administration, the court in which suit is brought may order reimbursement of costs and expenses, including counsel fees, from the property of the trust, or order those benefited to contribute proportionately to that expense; however, this rule is applied only in those cases involving *exceptional circumstances*; otherwise, the litigant is responsible for the fees of counsel employed: Wilbur's Estate, supra, and cases cited therein. Cf. Sowers Estate, 383 Pa. 566 (1956), and Washington Trust Company Account, 350 Pa. 363 (1944). Moreover, in Yerger v. Yerger, supra, the court stated, at page 541:

"The general rule is that an attorney may not demand from one who has not retained or employed him compensation for services rendered, and par-

ticularly is this true when the demand is made upon the opposing party in a litigated matter."

In light of the foregoing legal principles, it is the conclusion of this court that the petitioner cannot prevail. Unquestionably, there is merit to the petitioner's position that, save for his efforts, the $22,000. fund might have been lost to the late incompetent's estate. However, it appears patent to this court that counsel's efforts were directed, exclusively, to the creation, enhancement or preservation of a fund for the anticipated benefit of his client, Mrs. Tharp, to the detriment of the sole remaining party in interest, John M. Ogden.[3] The fact that Mrs. Tharp commenced a will contest proceeding further corroborates this conclusion. In essence and substance, therefore, the basic litigation here was concerned with whether Mrs. Tharp or John M. Ogden would be the ultimate recipients, in whole or in part, of the late incompetent's estate. Their interests were not "joint" or "common"; rather, they were completely antagonistic. Of necessity, a contrary conclusion would ignore substance and reality in favor of technicality; nor does the court find here present those "exceptional circumstances" which would provide the basis for a contrary conclusion.

Accordingly, the court enters the following

## DECREE

And now, November 27, 1974, upon consideration of the petition for citation filed on behalf of Basil C. Clare, Esq., relative to the captioned matter, and after consideration of the record and briefs,

---

3. The court is not unmindful of the fact that the funds in question had been titled in the joint names of both the late incompetent and Mr. Ogden's wife; however, the court concludes that the funds were within the control of Mr. Ogden.

and after hearing, it is ordered, adjudged and decreed:

(1) That the said petition for citation be and the same is hereby dismissed;

(2) That the citation heretofore directed to be issued to John M. Ogden and Helen Ogden Tharp (by decree of this court, dated May 3, 1974), be and the same is hereby discharged.