## Amoco Oil Co. v. Zoning Hearing Board of Middletown Township

*Joseph J. DelSordo*, for appellant.
*Robert B. Surrick*, for appellee.

JEROME, *J.*, September 16, 1982—Appellant Amoco Oil Company operates a self-serve gasoline station at Baltimore Pike and Pennell Road in the Township of Middletown as a nonconforming use. It seeks a modification of a condition imposed by the Zoning Hearing Board of the Township of Middletown on its self-serve facility in 1978 when the board granted a special exception to continue its nonconforming use.

On March 14, 1978, appellant applied to the Zoning Hearing Board of the Township of Middletown to expand or continue its nonconforming use by razing the existing full-service facility and constructing a self-service station in its stead. The application was approved subject to the condition that the hours of operation were limited to 6:00 a.m. to 12:00 p.m. No appeal was taken at that time.

On July 16, 1981, an application was filed requesting that the condition be modified to permit 24 hour service. On September 23, 1981, appellant's

application was denied and an appeal was subsequently filed in this court. No additional testimony was taken at that time. By order dated August 3, 1982, the court, after a review of the record and briefs, affirmed the zoning hearing board's decision of refusing to modify the condition. Appellant timely filed an appeal.

The issue to be decided in this case is whether the board correctly applied the proper standard in reviewing Amoco's application to modify the condition as to hours of operation. It is noted at the outset that there is no appellate case law that specifically addresses this issue.

Amoco contends that the standard to be applied in deciding whether to modify a prior condition is, does the condition no longer promote the public interest. This standard follows from the rule that where a special exception is granted upon conditions, the conditions imposed must bear a reasonable relationship to the health, safety, morals or general welfare of the community. In Re: Wigman Application, 7 D. & C. 3d 726 (1978). The zoning hearing board argues that there must be a change in conditions in order to obtain the relief required, citing Esterhai v. Zoning Board of Adjustment, 1 Pa. Commw. 361, 274 A. 2d 556 (1971).

The board's finding of facts one to eight, inclusive, are supported by the record and since there was no additional evidence submitted to this court, the scope of review is whether or not the zoning hearing board abused its discretion or committed an error of law. Naimoli v. Zoning Hearing Board, 56 Pa. Commw. 337, 425 A. 2d 36 (1981).

At the hearing, appellant presented testimony by a sole witness in support of the modification. The witness was a representative of Amoco Oil Com-

pany who supervised all of Amoco's stations in the three-state area of Pennsylvania, Delaware and New Jersey and it is clear from his testimony that he had no knowledge or familiarity with the site in question. This representative stated that the self-serve station had shown itself to be relatively free of noise and lighting problems and that the nearest resident to the station stated in a letter that he had no objection to the facility operating 24 hours a day. Notices were sent out to 31 property owners in the area and no one appeared at the meeting to object to the 24 hour operation of the facility. However, no notices were sent out to persons who rented the local properties.

As the standard of review, on a logical and legal basis we would prefer the "change of condition" standard where the condition is one that has been imposed and there has been no appeal. Where the condition has been imposed and the appeal period has not yet expired and a request for a change is made, we would then prefer the "public interest" standard.

However, it is not necessary to decide which standard is applicable here since under either standard of review the record supports the board's denial of the requested modification. The testimony of appellant's sole witness was general, self-serving and conclusory. There simply was not enough competent or credible evidence offered by the appellant to demonstrate that the condition no longer promotes the public interest. Nor did the appellant offer any evidence whatsoever regarding a change in conditions sufficient to justify the modification. At the hearing, it was conceded the desire for modification was purely economic.

For the above reasons, we found that the Zoning

Hearing Board of the Township of Middletown did not abuse its discretion nor did it commit error of law and therefore we entered our order of August 3, 1982, affirming the board's refusal to modify the previously imposed condition concerning the hours of operation.