IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abbotts Square Condominium :
Association, Sherri Tiller-Nikazy, :
Jean Dardzinski and Heather Downs :
        :
    v.    :  No.  1645 C.D. 2018
        :  Submitted:  March 26, 2020
City of Philadelphia, Zoning Board :
of Adjustment and City of Philadelphia :
        :
Appeal of: Abbotts Resurrection, LP :

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON      FILED:  May 8, 2020

    Abbotts Resurrection, LP (Applicant) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which reversed the decision of the City of Philadelphia Zoning Board of Adjustment (ZBA) granting a variance to The Philadelphia Code (Code) to Applicant.  Applicant argues that the trial court erred in reversing the decision of the ZBA as the ZBA did not abuse its discretion or commit an error of law.  Applicant also asserts that because the trial court found that the ZBA's findings of fact failed to consider unnecessary hardship, the matter should be remanded to the ZBA for further consideration.  Discerning no error below, we affirm.

## I.    Background

Applicant owns real property at 530 South 2nd Street, Philadelphia, Pennsylvania (Property), which is located within the South Street/Head House Square area control district (Control District) of the Center City Overlay District (Overlay District).  Applicant intends to enter into a lease agreement with a tenant who will operate an "Escape the Room" in the mezzanine level of the Property.  An "Escape the Room" is a "puzzle game where groups of people use clues that are provided by the staff to solve the puzzle and thus escape the room."  Philadelphia ZBA, Dec. 2017, Finding of Fact (F.F.) No. 8.  The "Escape the Room" would occupy about 3,800 square feet of the second floor of the Property.  F.F. No. 9.

The first four floors of the Property contain commercial and residential space and a separately owned residential condominium occupies the top four floors. Trial Ct. Op., 10/15/2018 at 1.  The proposed entry to the "Escape the Room" is directly adjacent to the residential condominium entrance. *Id.*  The Property includes 70,000 square feet that was previously authorized as retail space.  F.F. No. 9.

On August 7, 2017, Applicant submitted an application for a variance to the existing permitted uses of the Control District to the ZBA.  The permitted uses for the Control District do not include "assembly and entertainment."[1]  Philadelphia Zoning Code (Zoning Code) §14-505(5), Table 14-502-2.  The Code defines assembly and entertainment as "[u]ses that provide gathering places for participant

---

[1] On June 27, 2017, Applicant applied to the Philadelphia Department of Licenses and Inspections (L&I) for approval of a "tenant fit-out of Escape the Room" in Suite 109A of the Property.  F.F. No. 1.  L&I issued a notice of refusal on July 7, 2017, citing "assembly and entertainment" as a prohibited use for the Control District.  F.F. No. 2.  Applicant then appealed to the ZBA for a variance to the Code, and the variance application is the matter presently before this Court.

or spectator recreation, entertainment, or other assembly activities.  Assembly and entertainment uses may provide incidental food or beverage service for on- or off-premise consumption."   Code §14-601(7)(c).   The ZBA found that Applicant established entitlement to the requested variance and granted the request for variance on December 6, 2017.  The ZBA granted the variance with two provisos: 1) no sale of food or beverages; and 2) maximum occupancy of 30 individuals, including staff.  Applicant's Br. at 6.  In making its decision, the ZBA considered the low intensity nature of the proposed use, the past and present uses of the Property, the nature of the surrounding area, and the Property's underlying, commercial zoning. Conclusions of Law Nos. 7, 10, 11.

Abbotts Square Condominium Association (Objector), joined by Sherri Tiller-Nikazy; Jean Dardzinski; and Heather Downs, appealed the decision of the ZBA to the trial court.  Objector argued that the ZBA abused its discretion and committed an error of law by granting the variance.  Objector asserted that there was not a requisite finding of hardship to properly grant the variance. Additionally, Objector argued that it was an abuse of discretion and error of law to grant the variance without addressing public safety and welfare issues.  Finally, Objector alleged that without addressing the minimum variance that would afford relief when granting the variance, the ZBA abused its discretion and committed an error of law. Trial Ct. Op., 10/15/2018 at 11.

In opposition to the granting of the variance, Objector presented petitions signed by concerned condominium residents.  Forty-two individuals in total signed the petition in September 2017.  The language of the petition reads:

3

> We, the undersigned, are concerned citizens who urge our leaders to act now to prohibit the "Escape the Room" tenant or any similar undesirable tenant, in the mezzanine space … due to concerns of neighborhood residents regarding congestion, emergency egress, noise filled activities, encouraging loitering, and limiting parking in the Loading Zones immediately near the Abbotts Square Condominium entrance at 530 S. 2nd St.

Reproduced Record (R.R.) at 210a-16a.

The petition also identifies concerns regarding security and fire safety because "Escape the Room" patrons would have access to a condominium fire exit door that currently serves 171 residential condominiums. The petition organizers cite a previously issued variance to the Property for non-compliance with current fire safety codes as applied to the 2nd St. fire stairs. The petition further suggests that the potential "Escape the Room" space should instead remain in compliance with an Acceptable Use as defined by the Code. R.R. at 210a-16a.

The trial court reversed the decision of the ZBA, stating that the ZBA failed to establish hardship, to address public safety and welfare, and to consider the minimum variance that would afford relief. The trial court also asserted that Applicant did not meet the burden of proof required to demonstrate evidence of hardship as Applicant did not put on evidence in this matter. Trial Ct. Op., 10/15/2018 at 12. Applicant subsequently filed a Motion for Reconsideration to the trial court on July 12, 2018. The request was denied on July 30, 2018. Applicant appeals to this Court.

## II.    Discussion

On appeal,[2] Applicant argues that the trial court erred in reversing the decision of the ZBA granting the use variance for the Property.  Applicant also asserts that the trial court erred in failing to remand the variance matter to the ZBA because the trial court failed to expressly state its findings of fact with respect to the issue of unnecessary hardship.

### A. Granting the Use Variance and Unnecessary Hardship

A variance is a departure from the exact provisions of a zoning ordinance.  A variance may be granted where a strict enforcement of the literal terms of the ordinance will result in an unnecessary hardship upon a particular property over and above the hardship that may be imposed on all properties in that community.  *Brennen v. Zoning Bd. of Adjustment*, 187 A.2d 180 (Pa. 1963).  The burden of proof in obtaining a variance is upon the landowner, and the burden on the applicant seeking a zoning variance is heavy.  *Pham v. Upper Merion Twp. Zoning Hearing Bd.*, 113 A.3d 879 (Pa. Cmwlth. 2015); *Yeager v. Zoning Hr'g Bd. of City of Allentown*, 779 A.2d 595 (Pa. Cmwlth. 2001).  Variances should be granted sparingly and only under exceptional circumstances.  *Pham*, 113 A.3d at 891.

In the present case, Applicant requests a use variance, amounting to a departure from the Allowed Use provisions outlined in the Code.  The quantum of proof required to establish unnecessary hardship is lesser when a dimensional

---

[2] When, as here, a trial court accepts no additional evidence, "our review is limited to considering whether the zoning hearing board erred as a matter of law or abused its discretion." *S. of S. St. Neighborhood Ass'n v. Phila. Zoning Bd. of Adjustment*, 54 A.3d 115, 119 n.1 (Pa. Cmwlth. 2012).  "An abuse of discretion occurs when the findings of the [ZBA] are not supported by substantial evidence." *MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hr'g Bd.*, 102 A.3d 549, 553 n.6 (Pa. Cmwlth. 2014).

variance, as opposed to a use variance, is sought. *Hertzberg v. Zoning Bd. of Adjustment of City of Pittsburgh*, 721 A.2d 43 (Pa. 1998). In the context of use variances, unnecessary hardship is established by evidence that: "1) the physical features of the property are such that it cannot be used for a permitted purpose; or 2) the property can be conformed for a permitted use only at a prohibitive expense; or 3) the property has no value for any purpose permitted by the zoning ordinance." *Marshall v. City of Philadelphia*, 97 A.3d 323, 329 (Pa. 2014) (quoting *Hertzberg* 721 A.2d at 47). However, an applicant for a variance is not required to show that the property at issue is valueless without the variance or that the property cannot be used for any permitted purpose. *Id.* at 330.

Under the Code, the ZBA "may, after public notice and public hearing … [a]uthorize variances from the terms of this Zoning Code." Code §14-303(4)(a)(.3). The ZBA must determine that each criteria for a variance set forth in the Code is met prior to granting a variance.[3] When a request for a variance involves

---

[3] Code §14-303(8)(e)(.1) states:

> (.a)  The denial of the variance would result in an unnecessary hardship. The applicant shall demonstrate that the unnecessary hardship was not created by the applicant and that the criteria set forth in § 14-303(8)(e)(.2) (Use Variances) below, in the case of use variances, or the criteria set forth in § 14-303(8)(e)(.3) (Dimensional Variances) below, in the case of dimensional variances, have been satisfied;
>
> (.b)  The variance, whether use or dimensional, if authorized will represent the minimum variance that will afford relief and will represent the least modification possible of the use or dimensional regulation in issue;
>
> (.c)  The grant of the variance will be in harmony with the purpose and spirit of this Zoning Code;
>
> (.d)  The grant of the variance will not substantially increase congestion in the public streets, increase the danger of fire, or otherwise endanger the public health, safety, or general welfare;

6

a use variance, the ZBA must consider additional criteria to find "unnecessary hardship."[4]

---

        (.e)    The variance will not substantially or permanently injure the appropriate use of adjacent conforming property or impair an adequate supply of light and air to adjacent conforming property;

        (.f)    The grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;

        (.g)    The grant of the variance will not adversely and substantially affect the implementation of any adopted plan for the area where the property is located; and

        (.h)  The grant of the variance will not create any significant environmental damage, pollution, erosion, or siltation, and will not significantly increase the danger of flooding either during or after construction, and the applicant will take measures to minimize environmental damage during any construction.

Code §14-303(8)(e)(.1).

[4] Code §14-303(8)(e)(.2) states:

        (.a)    That there are unique physical circumstances or conditions (such as irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions) peculiar to the property, and that the unnecessary hardship is due to such conditions and not to circumstances or conditions generally created by the provisions of this Zoning Code in the area or zoning district where the property is located;

        (.b)    That because of those physical circumstances or conditions, there is no possibility that the property can be used in strict conformity with the provisions of this Zoning Code and that the authorization of a variance is therefore necessary to enable the viable economic use of the property;

        (.c)  That the use variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

        (.d)  That the hardship cannot be cured by the grant of a dimensional variance.

Code §14-303(8)(e)(.2).

"The Zoning Board shall, in writing set forth each required finding for each variance that is granted … and to the extent that a specific finding is not relevant to the decision, shall so state." Code §14-303(8)(e)(.1). Objector argues that the trial court was correct in reversing the decision of the ZBA because there was no evidence before the ZBA from which unnecessary hardship could be established. Without a record of unnecessary hardship, a conclusion that an unnecessary hardship existed was not supported by substantial evidence. The ZBA abuses its discretion if its findings are not supported by substantial evidence, or relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached. *Marshall*, 97 A.3d at 331.

While the ZBA opinion quotes the language contained in Code §14-303(8)(e)(.1)-(.2), which outlines the burden that must be met by an applicant for a variance - and specifically, a use variance - to be granted, the opinion does not apply these criteria to the facts of Applicant's request. Conclusions of Law Nos. 3-4. The ZBA does not conduct an analysis of "unnecessary hardship," instead simply concluding that "Applicant here established entitlement to the requested variance." Conclusion of Law No. 7. Without evidence to support a finding of an "unnecessary hardship," the ZBA abused its discretion.

Applicant argues that the record does contain sufficient evidence to support the granting of the variance by the ZBA. Applicant cites the testimony of Applicant's witness, Mr. Blumfield, who stated: "We're talking about commercial [space] that's sandwiched between one level of parking below and what used to be one level of parking above which is now apartments, my apartments." R.R. at 72a. Applicant attempts to frame this comment as a description of the "unique location of the [P]roperty." Applicant's Br. at 12. Mr. Blumfield does not expand upon this

8

statement and does not characterize the Property as "sandwiched" for the purposes of establishing its uniqueness. Taken within the greater context of the deposition, this statement was presented as a defense to potential noise complaints from condominium residents. R.R. at 72a.

Applicant also points to evidence of the Property's previous approval for non-residential use and history of use for assembly and entertainment as demonstrating an unnecessary hardship if the variance is not granted. Applicant's Br. at 12. The ZBA did take into account the past uses of the Property including its history of use for higher intensity assembly and entertainment uses. Conclusions of Law Nos. 8-9. "[T]here is no constitutionally protected right to change a nonconforming use to another use not allowed by the zoning ordinance, nor may an additional nonconforming use be appended to an existing nonconformity." *Pietropaolo v. Zoning Hr'g Bd. of Lower Merion Twp.*, 979 A.2d 969, 977 (Pa. Cmwlth. 2009). Therefore, previous assembly and entertainment uses that violate the Code do not support the present appeal for a use variance. Additionally, the four criteria in Code §14-303(8)(e)(.2) that Applicant must meet in order to receive a grant of a use variance do not include a reference to the historical uses of the property. Previous examples of assembly and entertainment uses on the property do not support "unique physical circumstances or conditions" that prevent "strict conformity" with the Code. Code §14-303(8)(e)(.2)(a)-(b).

Therefore, the trial court did not err in reversing the decision of the ZBA, which granted Applicant's request for a use variance. The ZBA abused its discretion by granting a variance without substantial evidence to support that finding. Applicant did not provide evidence to prove that an "unnecessary hardship" would result if a variance to the Code is not granted. The ZBA was not able to make

9

a determination as to the existence of an "unnecessary hardship" without evidence of the record for this issue.

## B. Remand to the ZBA

Applicant argues that if this Court concludes that the ZBA's grant of the variance was inappropriate on the basis of lack of substantial evidence to support the finding, then the matter should be remanded to the ZBA to make specific findings and to expressly state its basis for finding unnecessary hardship. Applicant contends that the trial court abused its discretion and committed errors of law in not remanding the case to the ZBA. Applicant expresses an intent to present additional evidence, if remand is granted, to demonstrate the "unattractive" quality of the Property for most permitted uses. Applicant asserts that this evidence would show that an "unnecessary hardship" results without the grant of a use variance. Applicant's Br. at 15-16.

Applicant filed a Motion for Reconsideration which was denied on July 30, 2018. Applicant requested that the case be remanded to the ZBA.[5] On appeal to

---

[5] Applicant requested remand to the ZBA for the first time in its motion for reconsideration. Applicant notes that the verified statement of Christopher R. Cordaro, Vice President of EB Realty Management Corp., was presented before the trial court within Applicant's motion for reconsideration as a summary of the evidence to be considered by the ZBA if the trial court remanded the matter. Applicant indicates that this evidence goes to "unnecessary hardship," which the trial court determined to be lacking in the evidence of record for the ZBA to appropriately grant a use variance within its discretion. Applicant's Br. at 15-16.

Objector correctly argues that Applicant inappropriately requests from this Court relief from the trial court's July 30, 2018, order denying Applicant's motion for reconsideration. Objector's Br. at 27. A trial court order denying reconsideration is not an appealable order. *City of Philadelphia v. Glim*, 613 A.2d 613 (Pa. 1992); *In re Estate of Merrick*, 247 A.2d 786 (Pa. 1968). Therefore, we do not consider Objector's argument regarding the invalidity of the appeal of a motion for reconsideration within this opinion. We turn our analysis instead to the question

this Court, Applicant requests the same remedy of remand to the ZBA for further consideration.

"A [trial] court faces compulsion to hear additional evidence in a zoning case only where the party seeking the hearing demonstrates that the record is incomplete because the party was denied an opportunity to be heard fully, or because relevant testimony was offered and excluded." *Caln Nether Co., L.P. v. Bd. of Supervisors of Thornbury Twp.*, 840 A.2d. 484, 498 (Pa. Cmwlth. 2004). If a party does not demonstrate that it was denied this opportunity through its argument on appeal, the trial court does not abuse its discretion by refusing to expand the record. *Reformed Seventh Day Adventist Church, Inc. v. Phila. Zoning Bd. of Adjustment*, 561 A.2d 1324 (Pa. Cmwlth. 1989).

Applicant argues that the ZBA made the record inadequate by not including sufficient evidence regarding unnecessary hardship. Applicant contends that while evidence was presented by Applicant to support the unnecessary hardship required to grant a variance, the ZBA did not include an explanation of its reasoning in its decision. In supporting its position, Applicant cites *Riverfront Development Group, LLC v. City of Harrisburg Zoning Hearing Bd.*, which held: "Where the record is not adequate for appellate review, the case should be remanded to the [ZBA] to develop the record and make the necessary findings." 109 A.3d 358, 370 (Pa. Cmwlth. 2015).

---

of whether a remand to the ZBA is appropriate for the purpose of admission of new evidence by Applicant under Applicant's appeal of the trial court's July 12, 2018, order.

11

However, Applicant fails to acknowledge that the absence of evidence from the record to support Applicant's unnecessary hardship does not result from an inadequacy created by the ZBA. The trial court stated that Applicant "was given ample opportunity to present evidence of any unnecessary hardship, and the [ZBA] did not preclude or limit Applicant's ability to present any witnesses or other evidence that may have supported its claim of unnecessary hardship." Trial Ct. Op., 10/15/2018 at 12. Applicant chose to simply present the testimony of its witness, Mr. Blumfield, who explained that the Property is "sandwiched." R.R. at 72a. Applicant was at liberty to expand upon this testimony and to provide additional evidence to the hardship that would be suffered by Applicant in the absence of a use variance. Applicant did not exercise this opportunity before the ZBA.

The record further demonstrates that the ZBA highlighted the requirement and the importance of Applicant's burden to prove unnecessary hardship during the hearing. R.R. at 85a-89a. The ZBA's counsel stated during his questioning of the ZBA Chairman at the November 29, 2017, ZBA Hearing that "… there is a necessity to prove the hardship." R.R. at 87a. The ZBA did not prevent Applicant from putting on evidence concerning unnecessary hardship, instead providing an explicit reminder of this mandatory requirement.

To grant Applicant's requested remand would be to provide Applicant with a "second bite at the apple." Applicant did not present evidence of unnecessary hardship to the ZBA at the zoning hearing. Where the trial court does not accept additional evidence — as in the present case — the ZBA is the initial, and ultimate, factfinder. *See German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). While Applicant argues that the trial court cannot replace the discretion of the ZBA to determine the credibility of evidence for its own, the trial

12

court does not attempt to assume the role of the ZBA. The trial court determined that because the evidence of record was insufficient to support a finding of an unnecessary hardship in support of a use variance, the ZBA abused its discretion and committed an error of law by granting Applicant a variance. However, in the trial court's opinion, the lack of evidence to demonstrate unnecessary hardship was not a result of an error by the ZBA, but a failure of Applicant to present evidence of this kind. For the foregoing reasons, we affirm the decision of the trial court and decline to remand the matter to the ZBA.

<br>

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abbotts Square Condominium | : | |
| Association, Sherri Tiller-Nikazy, | : | |
| Jean Dardzinski and Heather Downs | : | |
| | : | |
| v. | : | No. 1645 C.D. 2018 |
| | : | |
| City of Philadelphia, Zoning Board | : | |
| of Adjustment and City of Philadelphia | : | |
| | : | |
| Appeal of: Abbotts Resurrection, LP | : | |

## **O R D E R**

**AND NOW**, this 8th day of May 2020, we **AFFIRM** the order of the Court of Common Pleas of Philadelphia County.

_____
J. ANDREW CROMPTON, Judge